IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY SMITH,<br><br>    Defendant. | Criminal No. 4:21-cr-084<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

**Table of Contents**

I)      Introduction……………………………………………………………………………..1

II)     Procedural History……………………………………………………………………...1

III)    Current Sentencing Law………………………………………………………………..2

IV)     Guidelines Calculation………………………………………………………………….3

V)      Sentencing Factors as Applied to Mr. Smith…………………………………………...4

    A)      The Nature and Circumstances of the Offense……………………………………4

    B)      The History and Characteristics of the Defendant………………………………..4

VI)     Sentencing Recommendation…………………………………………………………..5

I.      Introduction

Zachary Smith respectfully submits this brief to assist the Court in fashioning a sentencing that is "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment set forth in 18 U.S.C. § 3553(a) and in light of *U.S. v. Booker*, 543 U.S. 220 (2005).

II.     Procedural History

On June 17, 2021, the Government filed an Information accusing Mr. Smith of one count of conspiracy to distribute a controlled substance, namely, 5 kilograms or more of a mixture and

substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Also on June 17, 2021, the defendant pled guilty to Count I as-charged. The Court accepted Mr. Smith's guilty plea on July 2, 2021. Sentencing is set for November 20, 2021 at 11:00 AM. This crime requires a mandatory minimum sentence of 120 months; however, Mr. Smith is Safety Valve-eligible, which allows the Court to impose a sentence without regard to the mandatory minimum.

III.   Current Sentencing Law

18 U.S.C. § 3553(a) charges the Court with imposing a sentence "sufficient, but not greater than necessary," to serve the purposes of sentencing. The relevant factors the Court should consider when fashioning an appropriate sentence include:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;
2) The need for the sentence imposed –
   (a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (b) To afford adequate deterrence to criminal conduct;
   (c) To protect the public from further crimes of the defendant; and
   (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) The kinds of sentences available;
4) The guidelines sentencing range;
5) Any pertinent policy statement;

6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553.

The Guidelines range is not mandatory, but one factor to consider along with all other statutory or relevant factors. Ultimately, the Court must make an "individualized assessment of the facts presented" to arrive at a just sentence for each defendant in each case. *See U.S. v. Gall*, 552 U.S. 38, 50 (2007). When faced with the duty to impose a criminal sentence, a judge should "consider every convicted person and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Id.* at 52 (citations omitted).

Under the Safety Valve subsection, 18 U.S.C. § 3553(f), the Court may impose a sentence without regard to any provided mandatory minimum if a defendant meets certain criteria. The parties are in agreement that Mr. Smith qualifies for Safety Valve and should receive a two-level variance to account for the discrepancy between § 3553(f) and U.S.S.G. § 5C1.2.

IV. Guidelines Calculation

The parties agree that the PSR correctly calculates the Guidelines Ranges as follows:

| | |
|---|---|
| Base Offense Level (§ 2D1.1) | 30 |
| Maintaining a Premises (§ 2D1.1(b)(12)) | +2 |
| Safety Valve Variance | -2 |
| Acceptance (§ 3E1.1) | -3 |
| Total Offense Level | 27 |
| Criminal History Category | II |
| Guidelines Range | 78-97 months |

V.   Sentencing Factors as Applied to Mr. Smith

   A.   Nature and Circumstances of the Offense

This offense involved the sale and distribution of narcotics. Mr. Smith primarily distributed cocaine in the Des Moines area. Although the quantity is not small, Mr. Smith was largely a one-man distributor. He and his co-conspirator would not coordinate together beyond purchase of the cocaine. He had no subordinates under his direction. Again, while not a small quantity, the criminal enterprise in this case was relatively unsophisticated.

   B.   The History and Characteristics of the Defendant

Mr. Smith is now 35 years old. His father passed away when he was five years old. Although his mother remarried two years later, and he has a good relationship with his step-father, he struggled greatly with the death of his birth father, which was a contributing factor towards acting out throughout his childhood, teens, and twenties. He believes that it was not until his thirties that he came to healthy terms with his father's death. However, the effects of it can still be seen in the present case, as it was in his twenties that he began to engage in the use of steroids and other drugs.

Mr. Smith has also dealt with substance abuse throughout his life. *See* PSR ¶¶ 76-85. He has used various substances throughout his life, beginning with alcohol in his teens. He progressed to other, "harder" drugs in his twenties and thirties, and admits that in particular his steroid usage is most concerning. He has struggled consistently with sobriety from controlled substances. A silver lining to his present incarceration is that he has been absolutely removed from access to steroids or other narcotics. Over the past few months, he has noticed positive changes in his mental health (he reports his anxiety is almost nonexistent anymore) and physical

health (no more acid reflux or high blood pressure) that he believes are related to cessation of the use of narcotics. These signs have encouraged him to continue on a path of sobriety, because he understands that his drug usage and its effect on his mental health have had a substantial impact on his relationships with family and friends, and his choices to use drugs are part of what has led to the present case. He is requesting an RDAP recommendation from the Court.

Mr. Smith has struggled with mental and emotional health. He has been diagnosed with ADHD, abandonment anxiety, and PTSD. As stated above, these can be partially attributed to his drug use. His arrest was a major wake-up call to show how his mental health led him to make bad choices. He has worked to deal with these conditions through counseling and therapy, particularly since his arrest, and plans to keep doing so when he is in federal prison.

Mr. Smith also has a four-year-old daughter. As mentioned in nearly every letter of support filed in advance of sentencing, his relationship with his daughter is the most important one in his life. Despite his failings, he has always remained a loving father to her and will continue to be so in the future, both during his sentence and upon release. He understands that he must makes amends for the current offense through a term of incarceration. Since he was taken into custody in June, he has come face to face with the reality that he will be absent from her life over at least the next several years, and the most painful aspect of this entire case is that his actions here will affect her and her relationship with him. In acknowledging that harsh truth, he has also found resolve to better himself and leave crime behind, so that when he leaves prison he will be a man she will be proud to call her father.

VI. <u>Sentencing Recommendation</u>

The defendant believes that a sentence of 46 months is sufficient, but not greater than necessary to serve the purposes of sentencing in this case. The defendant does not have an

extensive criminal history. The present crime was initially motivated out of a perceived need to survive in terms of finances. Mental health and drug use played a significant role in his actions, and he is committed to remedying those issues in his life. He is extremely sorry for his actions and understands they have had negative effects on others, particularly his family, and especially his daughter. He honestly wishes to make amends in the future and better himself as a person. All told, analysis of the present case and this defendant in particular, accompanied by all the reasons stated here and all the parties' filings in advance of sentencing, supports the conclusion that a sentence of 46 months incarceration is appropriate in this case.

Respectfully submitted,

STOWERS & NELSEN PLC
West Glen Town Center
650 South Prairie View Drive, Suite 130
West Des Moines, IA  50266
Telephone:  (515) 224-7446
Fax:  (515) 225-6215
Email: peter@stowersnelsen.com


By:__/s/ Peter Ickes_____
     Peter Ickes
     Attorney for Defendant,
     Zachary Smith